# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE L. RIECO, | Civil Action No. 2: 15-cv-0543 |
| Plaintiff, | United States District Judge |
| v. | Arthur J. Schwab |
| CAPTAIN HARRY B. KEFFER, III, | United States Magistrate Judge |
| Defendant. | Cynthia Reed Eddy |

## REPORT AND RECOMMENDATION

**I.     Recommendation**

Upon review of the Complaint, and pursuant to the screening requirements for litigants proceeding *in forma pauperis*, the Court recommends sua sponte dismissal of the Complaint before service for failure to state a claim upon which relief can be granted.

**II.    Report**

   A.    <u>Procedural Background</u>

Plaintiff is, and at all times relevant to this lawsuit was, a prisoner in the State Correctional Institution at Pittsburgh ("SCI–Pittsburgh"). Plaintiff is proceeding pro se and his Motion for Leave to Proceed In Forma Pauperis ("IFP") has been granted. ECF No. 7. Service of process has not yet been made on Defendant.

The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

B. <u>Legal Standard</u>

The Court must liberally construe the factual allegations of Plaintiff's Complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).

Plaintiff's Complaint must be reviewed in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub.L. No. 104–134, 110 Stat. 1321 (1996). In the PLRA, Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. *See Santana v. United States,* 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status, the screening provisions of the PLRA apply. *See* 28 U.S.C. § 1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6)[1] if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential–Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915(d) both counsel dismissal." *Neitzke*, 490 U.S. at 328 (footnote omitted).

B.   Plaintiff's claims

Even though Plaintiff does not specifically mention 42 U.S.C. § 1983, which is the Civil Rights Act, in the Complaint, it is clear to this Court that Plaintiff is seeking to vindicate his federal Constitutional rights. However, because Plaintiff does not have a cause of action directly under the Constitution of the United States, nor does he identify another source of a federal right alleged to have been violated or another basis for federal jurisdiction, a liberal reading of the Complaint requires the Court to construe the Complaint as one invoking the Court's federal question jurisdiction pursuant to 42 U.S.C. § 1983. Named as the sole defendant is Captain Harry B. Keffer, III, of the Pennsylvania State Police.

---

[1] In reviewing complaints under 28 U.S.C. § 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir.), *cert. denied*, -- U.S. --, 132 S.Ct. 861 (2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

Rieco alleges that on February 15, 2014, while he was incarcerated at SCI-Pittsburgh, he was assaulted by prison staff. Following the assault, Rieco contacted the Pennsylvania State Police by letter requesting that a private criminal complaint be filed against his assailants and that an investigation be undertaken.

On October 16, 2014, Defendant Captain Harry B. Keffer, III, of the Pennsylvania State Police, responded by letter to Rieco indicating that the Department of Corrections had established the Office of Professional Responsibilities to investigate complaints such as Plaintiff's, and that each prison had assigned an Intelligence Officer responsible for reviewing and investigating the matter. Plaintiff alleges that his constitutional rights have been violated by the failure of the Pennsylvania State Police to investigate the assault and file criminal charges against Plaintiff's assailants.

It is well established that a private citizen lacks standing to bring a lawsuit such as the present one. The Supreme Court of the United States has "consistently [held] that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution.... [I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D. and Texas, et al.,* 410 U.S. 614, 619 (1995). *See also Town of Castle Rock, Colorado v. Gonzales,* 545 U.S. 748, ---- n. 13 (2005).

Accordingly, it is recommended that the Complaint be dismissed without prejudice before service for failing to state a claim upon which relief can be granted.

C. Leave to File Amended Complaint Would Be Futile

The United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors,* Inc., 482 F.3d 247, 251 (3d Cir. 2007).

Given that Plaintiff lacks an arguable basis in law for a Section 1983 claim against Defendant Keffer, the Court recommends that leave to amend be denied as it would be futile for Plaintiff to amend his claims.

III. Conclusion

For the reasons set forth herein, it is respectfully recommended that the Complaint be dismissed pursuant to the screening provisions of the PLRA.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules, Plaintiff is allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Dated: May 26, 2015

cc: **DWAYNE L. RIECO**
HU-2494
SCI Pittsburgh
Post Office Box 99991
Pittsburgh, PA 15233